UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE, CC22MX643,<br><br>Petitioner,<br><br>v.<br><br>ROB BONTA, State Attorney General,<br><br>Respondent. | Case No. 22-cv-01570-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST**<br><br>(ECF Nos. 2, 5 & 6) |

Petitioner, a prisoner at the Contra Costa County Jail, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a February 16, 2022 conviction and sentence from Contra Costa County Superior Court. Petitioner also seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Based on his affidavit of poverty, petitioner's motion to proceed IFP (ECF No. 2) is GRANTED. But the petition for a writ of habeas corpus under § 2254 must be dismissed for failure to exhaust state judicial remedies.

Prisoners in custody pursuant to a state court judgment who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Petitioner has not done so. His appeal was only recently filed in the California Court of Appeal and hence neither that court nor the Supreme Court of California has had a fair opportunity to consider and rule on his claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); see also Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (exhaustion requirement is not satisfied if there is a pending postconviction proceeding in state court).

The petition for a writ of habeas corpus under § 2254 is DISMISSED without prejudice to petitioner filing a new petition after exhausting state judicial remedies.  Petitioner's miscellaneous motions for relief from the state court's judgment (ECF Nos. 5 &6) are DISMISSED as moot.

The clerk shall close the case and terminate the motions appearing on ECF as items number 2, 5 and 6.

**IT IS SO ORDERED**.

Dated:  March 22, 2022



CHARLES R. BREYER
United States District Judge